JIMMIE LEE HOOKS *v.* STATE OF INDIANA.

[No. 876S272.  Filed August 29, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Ihor N. Boyko,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from denial of the petitioner's (appellant's) petition for post conviction relief. Errors assigned are:

(1) Trial Court's denial of an in-trial motion for continuance, and

(2) Trial Court's denial of a subsequent motion for leave to produce additional evidence.

Both assignments relate to the petitioner's endeavor to get the same witness before the court.

Petitioner was charged with murder in the first degree on August 26, 1974. A motion for a change of venue from the county and a petition for an order authorizing the employment of a private psychiatrist and access to petitioner's medical records incidental to his prior confinement five or six years earlier at Beatty Hospital were both granted. Thereafter, on March 4, 1975, the petitioner entered a negotiated plea of guilty to the lesser included offense of second degree murder and was sentenced to imprisonment for an indeterminate term of not less than fifteen nor more than twenty-five years.

On January 8, 1976, the petitioner pro se filed a post conviction petition for relief which was subsequently prosecuted by the office of the Public Defender. The petition cited numerous violations, but it developed at the hearing that the only basis seriously urged was a claim of ineffectiveness of counsel in plea bargaining for the second degree murder guilty plea, in the face of a potentially valid temporary insanity defense.

At the guilty plea hearing, the petitioner's trial counsel gave an account of his trial preparation leading up to his considered judgment that the guilty plea would be in his client's best interest. He acknowledged that the psychiatrist, whom he had been authorized to employ at public expense, had not examined the petitioner personally. He further testified that he had obtained the employment authorization in order to defend properly, against an anticipated proceeding by the State to recommit the petitioner to Beatty Hospital and for the further purpose of consultation, with respect to jury voir dire, in the event the case ultimately came to trial.

At the post conviction hearing, the petitioner revealed his prior commitment at the Beatty Hospital, numerous shock

treatments and alcohol addiction. He complained that his trial counsel had not been attentive to him and had ignored numerous requests, both written and verbal relays by third parties, for additional consultation with him while in jail. He also testified that his greatest fear at that time was of being returned to Beatty Hospital and that he had told the attorney that he would not want to be returned there under any circumstances.

The plaintiff's trial counsel testified to substantially the same facts as did the petitioner. He again revealed that, after having received authorization to have the petitioner, examined psychiatrically, he did not do so but testified that the psychiatrist had given his opinion that the petitioner was sane, which opinion had been based upon his examination of the records from Beatty Hospital and the results of psychosensor test of the plaintiff which the attorney had arranged.

Presentation of evidence was concluded without the introduction of any evidence particularly persuasive in petitioner's behalf; and the cause was continued for one week for arguments, with leave granted to the petitioner to introduce, at that time, some exhibits which he had neglected to bring to the hearing.

At the hearing scheduled for arguments, petitioner's counsel filed a verified application for a continuance which alleged that Dr. Musselman, the psychiatrist previously referred to had denied that he had made evaluation of the petitioner's sanity and advised that he would not have done so without a personal examination, that he had no record of the matter, had never billed for services in connection therewith and had only a vague recollection of ever having heard of the case. The motion further related that counsel had acted with diligence but had just discovered the importance of this matter and that Dr. Musselman was not immediately available to testify but could be presented within a reasonable time.

The motion was argued and denied, whereupon the petitioner asked and was granted leave to reopen his rebuttal.

Arguments on the continuance motion and the rebuttal evidence exhausted the time previously allotted for final arguments, and the cause was again continued for arguments, this time to March 4, 1976.

On February 25, 1976, petitioner's counsel filed a petition for leave to present additional evidence, which written motion was entitled "Notice of Intent to Offer Further Evidence, and Motion for Ruling on Admissibility of Said Evidence." In effect, the motion gave notice of the defendant's intention to present Dr. Musselman for testimony at the hearing on March 4th and sought a ruling from the court as to whether or not such testimony would be accepted. The motion was presented to the court when the hearing resumed on March 4th, and was overruled.

## ISSUE I

Petitioner contends that his motion for continuance complied with Ind. R. Tr. P. 53.4, which it did, and that a continuance was mandated in view of the language of the first sentence of that rule:

> "Upon motion, trial may be postponed or continued in the discretion of the court, and *shall* be allowed upon agreement of all the parties or upon a showing of good cause established by affidavit or other evidence." (Emphasis added)

Although the rule mandates a continuance upon a showing of good cause, whether or not good cause has been shown must, of necessity, be determined by the trial judge. It, therefore, appears that the distinction between granting a continuance through discretion and for good cause is minimal. Obviously, the denial of such a motion is to be subjected to closer scrutiny than would be the grant. But, continuances are not favored, and a reversal should not be predicated upon a denial, except upon a clear showing that the moving party was substantially prejudiced and was not at fault. In ruling upon a motion for a con-

tinuance, the trial judge may look to the circumstances, as well as to the allegations of the motion; and he is not required to grant the motion simply because it complies with the rule in form.

In the case before us, the issue was the competence and effectiveness of trial counsel at the time of the guilty plea. The sanity of the petitioner, at the time the crime was committed was not central to that issue. A valid defense, even the defense of insanity, may be waived. At no time during the post conviction hearing was any question raised concerning the petitioner's competence at the time the plea bargain was negotiated and the guilty plea entered. Assuming that Dr. Musselman had testified as the petitioner alleges he would, the only effect his testimony could have had would have been to discredit trial counsel as a witness. It does not appear that the petitioner had sustained his burden of proof, and even if we conceded the falsity of counsel's testimony, the petitioner's position would not have thereby been altered.

The record of the guilty plea hearing discloses substantial evidence of first degree murder with little, if any, indication of any circumstances that would have mitigated against imposition of the heaviest penalty the law could impose. Under such circumstances, plea negotiating could hardly be labeled incompetence. The guilty plea record also discloses that the trial judge conducted the guilty plea hearing in a highly commendable manner, and in view of his careful attention to the guidelines established for such a proceeding, it would be difficult to reach any conclusion other than that the petitioner fully understood his circumstances and his rights and had reached a calculated and reasonable conclusion.

"Section 5 of our PC Rule places the burden upon the petitioner to establish his grounds for relief by preponderance of the evidence. Payne v. State, (1973) [261] Ind. [221], 301 N.E.2d 514; Haddock v. State, (1973) [260] Ind. [593], 298 N.E.2d 418. Further, there is a presumption that an attorney has discharged his duty fully, and it

requires strong and convincing proof to overcome that presumption. Haddock v. State (supra) ; Beck v. State, (1974) [261] Ind. [616], 308 N.E.2d 697; Lowe v. State, (1973) [260] Ind. [610], 298 N.E.2d 421; Blackburn v. State, (1973) [260] Ind. [5], 291 N.E.2d 686.

"In post-conviction proceedings, as in other matters tried before the court, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence and of the credibility of the witnesses. Hoskins v. State, (1973) [261] Ind. [291], 302 N.E.2d 499." *Colvin* v. *State,* (1975) 262 Ind. 608, 321 N.E.2d 565, 567.

That trial counsel had, at one point, suggested the petitioner's insanity and had subsequently abandoned pursuit of that possibility and that he may also have perjured himself at the post conviction hearing are circumstances favorable to the petitioner. However, they did not persuade the trial judge that the petitioner was either incompetent at the time of his guilty plea or denied the effective assistance of counsel. Under the standards above set forth, we are not at liberty to say he erred in his judgment.

As an additional basis for affirming the trial court's denial of the requested continuance, it is noted that the record of the guilty plea hearing discloses that the petitioner was never examined by Dr. Musselman. In view of the availability of this information to post conviction counsel, his claim of due diligence was considerably weakened.

## ISSUE II

We see no practical difference between the petitioner's second issue and the one above disposed of. Permitting the petitioner to offer additional evidence would have necessitated the grant of a further continuance which would have been for the same purpose previously considered and rejected.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 645.