RAYMOND K. MILLER *v.* STATE OF INDIANA.

[No. 278S30. Filed February 23, 1978.]

*Michael T. Conway,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PIVARNIK, J.—After a conviction by a jury on June 17, 1975, in the Marion Criminal Court for robbery, appellant

was sentenced to ten years imprisonment. This case is before us on transfer from the Indiana Court of Appeals, which reversed the conviction and decided only one of the issues presented. *See* issue V *infra.*

The record shows that on August 5, 1974, at approximately six in the evening, Allen Snyder parked his car in a downtown Indianapolis parking lot. As Snyder was leaving his car, another car driven by appellant Miller parked next to Snyder's car and Michael Dennis got out of the passenger side of that car and approached Snyder. Appellant was halfway out of the car and pointing a gun at Snyder while Dennis struck Snyder, breaking his glasses and knocking him down. Dennis then removed $878 from Snyder's wallet, and Dennis and appellant Miller fled from the scene in the car.

Appellant assigns five errors in the proceedings of his trial below: (1) that the court erred by failing to grant appellant's motion for continuance; (2) that the court erred by failing to grant appellant's motion for judgment of acquittal at the conclusion of the state's evidence; (3) that the court erred by failing to instruct the jury as to any lesser included offenses; (4) that the verdict was not supported by sufficient evidence, and; (5) that the court erred by permitting the alternate juror to be in the presence of the jury during deliberation.

I.

Appellant Miller contends that the trial court erred in his failure to grant appellant's motion for continuance. The relevant facts pertaining to this assignment of error are as follows. Appellant Miller was arrested on August 9, 1974. After a succession of attorneys representing Miller, attorney Levy entered his appearance on Miller's behalf on April 28, 1975, and immediately requested and was granted a continuance. The trial date was reset to June 17, 1975. On June 13, 1975, another continuance was requested. In the motion for continuance, appellant stated the reasons necessitating a

continuance were that: (1) during a conversation with Miller on June 13, 1975, Miller suggested a significant provable alibi for the first time, and; (2) insufficient time remained before trial to investigate and confirm the alibi. The court over-ruled the motion for continuance and the cause was tried on June 17, 1975.

Appellant recognizes that a ruling on a motion for con-tinuance is generally within the discretion of the trial court and will not be disturbed unless an abuse of discretion is shown. However, appellant contends that his motion for continuance met the requirements of Ind. R. Tr. P. 53.4 and Ind. Code § 35-1-26-1 (Burns 1975) and that it stated signifi-cant material evidence which needed additional time to be investigated. It is argued that denial of this motion was an abuse of the trial court's discretion. Appellant further argues that the insufficient time for preparation of the defense de-nied the accused his constitutional right to competent and adequate counsel thereby denying him due process of law.

The right to counsel is fundamental to the American system of justice. This right necessarily embodies the corollary right to effective counsel. To be effective, counsel must be given sufficient opportunity to adequately prepare his case. *Hartman* v. *State,* (1973) 155 Ind. App. 199, 292 N.E.2d 293; *Lloyd* v. *State,* (1960) 241 Ind. 192, 170 N.E.2d 904. However, granting continuances in order to allow more time for preparation is generally not favored in criminal cases without a showing of good cause and will only be granted in the furtherance of justice. *Carlin* v. *State,* (1970) 254 Ind. 332, 259 N.E.2d 870; *Calvert* v. *State,* (1968) 251 Ind. 119, 239 N.E.2d 697. Whether good cause has been shown rests within the sound discretion of the trial judge and will only be disturbed if there is a clear showing of an abuse of discretion. *Miller* v. *State,* (1971) 256 Ind. 192, 268 N.E.2d 299; *Jay* v. *State,* (1965) 246 Ind. 534, 206 N.E.2d 128; *Blume* v. *State,* (1963) 244 Ind. 121, 189 N.E.2d 568. In determining whether good cause exists, the trial judge

may look to the circumstances of the case as well as the allegations of the motion and is not required to grant the motion simply because it complied with Ind. R. Tr. P. 53.4. *Hook* v. *State,* (1977) 266 Ind. 678, 366 N.E.2d 645.

Considering the circumstances of the case at bar, the appellant has not established a clear abuse of discretion by the trial judge. Appellant Miller first suggested to his attorney four days before trial that he had an alibi. However, this was more than ten months after his initial arrest and approximately six weeks after Miller's attorney entered an appearance on Miller's behalf. The validity of Miller's alibi is therefore questionable. Furthermore, appellant's attorney had approximately six weeks to prepare the case for trial and investigate any possible defenses. This is a sufficient period of time for adequate preparation in order to provide appellant with effective counsel. Therefore, appellant has not established a clear abuse of discretion by the trial judge and there was no error in denying the motion.

II.

Appellant assigns error to the trial judge's denial of his motion for judgment on the evidence at the close of the state's case in chief. Following the denial of this motion, appellant presented evidence in his defense. However, the introduction of any evidence following the denial of a motion for judgment on the evidence constitutes a waiver of any error in the overruling of the motion. *Sypniewski* v. *State,* (1977) 267 Ind. 224, 368 N.E.2d 1359, 1362; *Parker* v. *State,* (1976) 265 Ind. 595, 358 N.E.2d 110, 113; *Murphy* v. *State,* (1976) 265 Ind. 116, 352 N.E.2d 479, 485. Appellant has therefore waived any possible error in the denial of his motion.

III.

Appellant next contends the trial judge erred in not instructing the jury about possible lesser included offenses of

robbery, theft, assault and battery with intent to commit a felony, assault and battery, and assault. It is argued that appellant was entitled to such an instruction. The record indicates that during the course of the trial appellant inquired of the court whether the jury would be instructed concerning lesser included offenses. The court denied this request and did not include any such instructions in the final instructions. Appellant, however, did not tender the requested instruction, nor does appellant set out such in his brief.

This court has previously held that if a party requests the court to instruct the jury, such instruction should be tendered in writing. Failure to tender an instruction in writing waives the error, if any, of not giving the requested instruction. *Short* v. *State,* (1968) 250 Ind. 459, 237 N.E.2d 258; *In Re Sobieski,* (1965) 246 Ind. 222, 204 N.E.2d 353. In addition, Ind. R. Ap. P. 8.3 (A) (7) provides that:

> "When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived."

Consequently, if a requested instruction is neither tendered in writing to the trial court nor specifically set out in the argument section of the appellant's brief, the alleged error by the court in not giving the instruction is waived.

Appellant relies on Ind. Code § 35-1-35-1 (Burns 1975) which provides that:

> "In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict."

However, this does not relieve appellant from tendering the desired instruction when the court has not instructed as fully as the appellant desired. Appellant cannot remain quiet

after knowing the court has omitted an instruction and afterward claim error. *Barker* v. *State,* (1957) 238 Ind. 271, 150 N.E.2d 680. Since there is nothing in the record indicating the appellant tendered any instruction nor was it properly set out in his brief, the alleged error in not giving an instruction on lesser included offenses is waived.

## IV.

Appellant challenges the sufficiency of the evidence to support his conviction of robbery. In determining the sufficiency of evidence, the court will only look at the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. We will not disturb a verdict if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Matthew* v. *State,* (1975) 263 Ind. 672, 673, 337 N.E.2d 821, 822. In the present case, testimony indicates that appellant was the driver of the car used during the robbery and that appellant pointed a gun at the victim throughout the commission of the crime. Looking at this evidence and the reasonable inferences to be drawn therefrom, we find appellant's conviction supported by sufficient evidence.

## V.

Appellant also contends that his conviction should be reversed because of the presence of an alternate juror in the jury room during the final deliberation. The Court of Appeals agreed and reversed his conviction in an unpublished memorandum decision following *Hill* v. *State,* (1977) Ind. App., 363 N.E.2d 1010. This is the same situation presented by our recent decision in *Johnson* v. *State,* (1977) 267 Ind. 256, 369 N.E.2d 623, in which we held that since an alternate is in every respect a juror and is not a

stranger to deliberations, no error results from his presence during deliberations. In view of our decision in *Johnson*, there is no error presented on this issue. We therefore grant transfer and vacate the reversal by the Court of Appeals in this case.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 372 N.E.2d 1168.