**David HARDIN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 879S218.

Supreme Court of Indiana.

Jan. 8, 1981.

John F. Ittenbach, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a jury trial of Robbery, a Class B Felony, Ind.Code § 35–42–5–1 (Burns 1979), and Battery, a Class C Felony, Ind.Code § 35–42–2–1 (Burns 1979). He was also determined to be an Habitual Offender pursuant to Ind.Code § 35–50–2–8 (Burns 1979). He raises the following issues in this direct, albeit belated, appeal:

(1) Whether the trial court erred in denying defense counsel's motion to withdraw;

(2) Whether the trial court erred in allowing certain cross–examination; and

(3) Whether the trial court erred in allowing a certain witness to testify for the State.

\*   \*   \*   \*   \*   \*

## ISSUE I

On April 18, 1979, with trial set for April 23, trial counsel moved for leave of court to withdraw his representation of the defendant. The trial court held a hearing upon the motion on April 20, at which time it was taken under advisement with the admonishment that the defendant could retain new counsel if he desired, but that there would be no continuance granted and that if new counsel were retained, he would have to proceed with trial on April 23. The defendant contends that the ruling denied him his Sixth Amendment right to counsel in that trial counsel did not have the defendant's best interests at heart and that it seemed "hard for [him] to try the case." The contention is without merit.

We initially note that the defendant had, on a prior occasion, changed counsel, that he had previously been granted a continuance, with the agreement of the State, which had occasioned a delay of approximately three months, and that he had also been granted a further continuance of approximately five weeks because the State, four days prior to the date then set for trial, filed an amended information, changing a charge of attempted murder to battery and adding a charge of habitual offender. Moreover, at the pre–trial conference held one day prior to the filing of the motion for leave to withdraw, counsel did not broach the subject.

Essentially, the defendant's claim is that a continuance, as well as leave for counsel to withdraw, should have been granted. We do not agree. The grant of a continuance lies largely within the discretion of the trial court; and, although a defendant may be granted wide latitude in matters related to the selection of counsel,

he has no right to utilize it as a vehicle for obtaining a delay to which he is not entitled. *German v. State*, (1978) 268 Ind. 67, 373 N.E.2d 880. *See Mitchell v. State*, (1979) Ind., 398 N.E.2d 1254. *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. The facts of this case do not support Defendant's contention that he was denied his right to counsel.

### ISSUE II

■ Just prior to trial, a disturbance occurred in the hallway outside the courtroom. Allegedly, the defendant's wife told the father of the prosecuting witness, Jimmy Hart, that she would shoot him if he permitted Jimmy to testify. The defendant made an oral motion *in limine* to preclude the tender of evidence of such threat, and the court sustained the motion "as to any substantive evidence, but, of course, subject to a different ruling in the event that it comes in on impeachment or cross–examination."

The defendant's wife testified on behalf of her husband, and upon cross–examination she was asked, "And isn't it further a fact that out in the hall of this very courtroom you threatened Jimmy Hart's father, to shoot him if he let his son testify today?" The defendant objected on the grounds that it was in contravention of the *in limine* order and designed to reveal irrelevant but prejudicial matters. He now acknowledges that the *in limine* order was not a final ruling upon the ultimate admissibility of evidence but continues to pursue the assignment of irrelevancy and prejudice. The contention is without merit.

The credibility of a witness who has testified is always in issue, hence evidence which fairly reflects thereon is relevant. The trial judge has a recognized discretion to control such cross–examination in order to prevent the waste of time or the creation of undue prejudice; but generally, liberal cross–examination is allowed for the purpose of disclosing a witness' bias. McCormick's Handbook of the Law of Evidence § 29, at 58–59 (2d Ed.1972).

We have stated in the past that evidence pertaining to bribery, threats and other influences which reflect upon the credibility of a witness should be given to the jury. *E.g. Barnes v. State*, (1978) 269 Ind. 76, 378 N.E.2d 839; *Adler v. State*, (1967) 248 Ind. 193, 225 N.E.2d 171. Moreover, such evidence should not be viewed as being collateral in nature. *Clark v. State*, (1976) 264 Ind. 524, 348 N.E.2d 27; *Hunter v. State*, (1977) 172 Ind.App. 397, 360 N.E.2d 588; McCormick's Handbook of the Law of Evidence § 41, at 81 (2d Ed.1972); Underhill's Criminal Evidence § 244, at 769 (6th Ed. 1973). The question in this case was designed to demonstrate the witness' feelings for the defendant, her husband, and the extent to which she would protect him. It was relevant to her credibility and, therefore, proper. *Hunter*, 172 Ind.App. at 417, 360 N.E.2d at 601.

### ISSUE III

■ Immediately prior to trial, the State moved for leave to fingerprint the defendant. The motion was granted over the defendant's objection. At the hearing on the habitual offender charge (held on the same day as the trial), the State proposed to call a fingerprint expert to testify that the defendant's fingerprints matched those contained in the records of a prior felony conviction of one David Hardin. The trial court acceded to the proposal over the defendant's motion to exclude the testimony of all witnesses whose names had not been previously disclosed to the defendant in compliance with a discovery order. The defendant also moved at that time, in the alternative, for a continuance. The trial court denied the defendant's motions and the expert was allowed to testify over objection. The defendant here assigns error to the denial of his motion for a continuance in that he was "surprised" by the expert's testimony. Further, he asserts that the testimony was critical to the State's case against the defendant on the habitual charge.

The usual remedy for "surprise" such as that present in the case at bar is a motion for a continuance. *Lund v. State*, (1976)

264 Ind. 428, 345 N.E.2d 826. However, the trial court's ruling on such a motion not based upon statutory grounds is discretionary and will be reversed only upon a showing of abuse. *E.g., Himes v. State,* (1980) Ind., 403 N.E.2d 1377. In a case of this nature, a defendant must demonstrate not only "surprise," but also harm flowing from the trial court's denial of the continuance motion. *See Himes,* 403 N.E.2d at 1379–80; *King v. State,* (1973) 260 Ind. 422, 296 N.E.2d 113. The defendant has not claimed that a continuance would have enabled him to refute or discredit the testimony of the "surprise" witness, nor has he demonstrated any other manner in which additional time would have benefited him. Under these circumstances, we can not say the trial court abused its discretion.

We find no error. The judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.