Richard R. LONG, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 2-881A273.

Court of Appeals of Indiana, Second District.

March 2, 1982.

Charles H. Ireland, North Manchester, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

■ Richard R. Long was found guilty by a jury of theft and sentenced to a term of four (4) years imprisonment. On appeal Long argues the State's failure to disclose a written and signed statement made by him shortly after his arrest in response to a discovery order request, and then used by the State for impeachment purposes, denied him due process and a fair trial and precluded him from making a knowing, intelligent, and voluntary waiver of his right against self-incrimination. We agree and remand for a new trial.

On March 14, 1980 Long filed a motion for discovery requesting in part, "[a]ny written or recorded statements and the substance of any oral statements made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgement of such statements." Neither the State's response (filed March 25, 1980) nor the State's supplemental response (filed January 15, 1981) made mention of Long's statement given to Officer West on February 20, 1980. To the contrary, the State's response affirmed that all such statements had been provided. Defense counsel was not aware of the existence of the statement until Long's cross-examination by the State on the second day of trial.

The Prosecuting Attorney was apparently advised of the existence of the statement by Officer West on the day prior to the trial. However, the Prosecuting Attorney did not inform Long or his counsel of the existence of the statement at that time. Rather, he waited until *after* Long had testified on direct examination and then used a portion of the statement to lay the foundation for impeachment of his testimony. Counsel moved for a continuance and a mistrial, citing the failure of the State to comply with the discovery order. The trial court denied the motion for mistrial, but granted Long a continuance to examine Officer West. On rebuttal, the State called Officer West to testify as to certain statements contained within the written statement. Long, in an attempt to rehabilitate himself, offered the statement into evidence and attempted to explain it.

■ The State denies the existence of prosecutorial abuse of discovery. We find the State's position totally untenable. Long's written and signed statement was in existence at the time Long specifically requested the State to produce it. That request imposed the obligation upon the Prosecuting Attorney to make at least reasonable effort to determine the existence of any such statement and then to make it available to Long.

"2.2 Prosecutor's performance of obligations.

(c) The prosecuting attorney should ensure that a flow of information is maintained between the various investigative

personnel and his office sufficient to place within his possession or control all material and information relevant to the accused and the offense charged." ABA Standards, Discovery and Procedure Before Trial § 2.2(c) (Approved Draft, 1970).

"2.4 Material held by other governmental personnel.

Upon defense counsel's request and designation of material or information which would be discoverable if in the possession or control of the prosecuting attorney and which is in the possession or control of other governmental personnel, the prosecuting attorney shall use diligent good faith efforts to cause such material to be made available to defense counsel; and if the prosecuting attorney's efforts are unsuccessful and such material or other governmental personnel are subject to the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel." ABA Standards, Discovery and Procedure Before Trial § 2.4 (Approved Draft, 1970).

In other words, the State may not avoid discovery by deliberately or even negligently failing to inform itself as to its case.

In this case, we assume lack of preparation was the operative factor *until* the Prosecuting Attorney was advised of the statement's existence on the day before trial. However, from that moment until the defense was advised of the statement's existence on the second day of trial, during Long's cross-examination, we are forced to conclude the State's disobedience was deliberate.

As we said in *Deatrick v. State*, (1979) Ind.App., 392 N.E.2d 498, 501: "[t]he judicial process is similarly tainted when the prosecution ignores a specific request by the defense." The United States Supreme Court in *United States v. Agurs*, (1976) 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342, in summarizing a specific request for information, declared, "[w]hen the prosecutor receives a specific request, the failure to make a response is seldom, if ever, excusable." 427 U.S. at 106, 96 S.Ct. at 2399.

Finding prosecutorial abuse, we review the adequacy of the remedy provided by the trial court's action. A recess was taken to give Long's counsel the opportunity to talk with Officer West after the existence of the statement was acknowledged. However, Long's motion to exclude the officer's testimony and to exclude the statement from evidence was denied.

■ As a general rule, the appropriate remedy for failure to comply with a discovery request is a continuance. However, the prejudicial circumstances surrounding the abuse occasionally negate the continuance as an effective remedy. In addition, there are times when the misconduct is so flagrant it simply cannot be tolerated and consequently as a policy matter the continuance cannot be deemed an adequate remedy because it fails to serve as an adequate deterrent to the conduct.

Such is the situation here. The conduct of the State simply cannot be tolerated. By its affirmative deception it concealed a statement to which Long was absolutely entitled, regardless of whether Long should have known of its existence.

Furthermore, and equally as important, the State's conduct denied Long effective assistance of counsel. As our supreme court cautioned in *Thorne v. State*, 429 N.E.2d 644, (1981) "a willful or deliberate violation of disclosure requirements may not only impair the lawyer's ability to prepare properly for trial but, may also, substantially impair his ability to counsel his client properly and thus be regarded as a violation of the accused's right to counsel." Slip opinion at 6. The analogy is especially appropriate here. Long and his counsel had to make an important decision: whether Long should waive his constitutionally protected right against self-incrimination and testify on his own behalf. It is self-evident that an essential fact which must receive consideration in making the decision is the opportunity for defendant's impeachment. At the time Long's attorney had to counsel Long on the decision of whether or not to waive his constitutional right, he was de-

nied access to vital information by the State's affirmative conduct which substantially impaired his ability to properly counsel his client.[1] Even assuming Long knew about the statement and his knowledge is imputed to his counsel, nevertheless by the State's failure to produce the statement both Long and his counsel had the right to reasonably rely upon the State's implicit representation it was not going to use the statement. This implicit representation became even stronger when the written statement, generally part of the state's case in chief, was not in fact offered into evidence during the state's case. Of course, Long did not have a license to be untruthful. Rather, we assume he would have at least refreshed his recollection from a statement that was given eleven months earlier.

We hold the State's misconduct violated Long's right to a fair trial, due process, and effective assistance of counsel.

We further hold the circumstances surrounding the misconduct of the State absolutely vitiated a continuance as an appropriate and effective remedy. Once Long waived his constitutional right to remain silent and not testify (a waiver made without effective assistance of counsel), a continuance of whatever duration was totally ineffective. It did not and could not provide him with the opportunity to reconsider his decision and, if desired, change his mind. We emphasize the uncurable prejudice to Long occurred at the time he was counseled about, and made the decision concerning, testifying in his own behalf.

Judgment reversed and cause remanded for a new trial.

SULLIVAN, J., concurs.

BUCHANAN, C. J., dissents, with separate opinion.

BUCHANAN, Chief Judge, dissenting.

Unlike the majority, I conclude that any harm resulting from the State's failure to comply precisely with the trial court's dis-

covery order was cured when the court granted Long's motion for a continuance. Consequently, the trial court did not commit error in refusing to exclude either Officer West's testimony concerning Long's voluntary signed statement or the statement itself. Nor did the court err in refusing to declare a mistrial.

Sanctions for failure to comply with a discovery order are discretionary—not mandatory. *Cameron v. State*, (1980) Ind., 412 N.E.2d 1194; *Rowley v. State*, (1979) Ind., 394 N.E.2d 928. In *Chandler v. State*, (1981) Ind., 419 N.E.2d 142, 145, our supreme court expressed the logic underlying this sound principle:

> Obviously, the trial judge is usually in the best position to determine what harm, if any, evolved from a violation, whether or not such harm can be eliminated or satisfactorily alleviated and the dictates of fundamental fairness. Absent clear error in his decision it should not be overturned.

*Accord, Cameron, supra; O'Conner v. State*, (1980) Ind., 399 N.E.2d 364.

When the State has violated an order for discovery, a continuance is the normal remedy. *Thorne v. State*, (1981) Ind., 429 N.E.2d 644; *Chandler, supra; Cameron, supra; O'Conner, supra*. Exclusion of evidence is appropriate only when the State's violation evinces bad faith or is grossly misleading. *Chandler, supra; Cameron, supra; O'Conner, supra*. And the granting of a mistrial is not required unless "under all the circumstances, the defendant has been placed in a position of grave peril to which he should not have been subjected." *Chandler, supra* at 419 N.E.2d at 145. *Accord, Tinnin v. State*, (1981) Ind., 416 N.E.2d 116.

Here, the State promptly furnished an extensive witness list in response to the trial court's order for discovery; the names of Michael Stafford (Stafford) and Monty Beanblossom (Beanblossom), Long's codefendants, appeared on the list. The State

---

1. We also suggest had Long known the state intended to use his statement that knowledge may have had a substantial impact on either plea negotiations *or* the decision to plead guilty or not guilty to the charged offense.

received a copy of Long's voluntary signed statement only one day before trial. When the prosecuting attorney cross-examined Long as to the contents of his statement, Long moved for a continuance. The motion was granted; during the ensuing recess Long had an opportunity to interview Officer West, who recorded the statement, and, presumably, to examine the statement itself. Long also had ample opportunity to cross-examine West once the trial resumed.

Under these circumstances, any assumption that the State acted in bad faith is without justification. There is no evidence whatsoever that the prosecuting attorney, who was advised of Long's statement only one day before trial, *deliberately* withheld it from him. Nor can it be concluded that Long was "grossly misled" or "placed in a position of grave peril" by the State's failure to furnish him with a copy of the statement. Long could hardly have been un-

aware of the existence of his voluntary signed statement. Furthermore, the statement was basically cumulative of undisputed testimony by co-defendants Beanblossom and Stafford, whose names appeared on the State's list of witnesses. Thus, Long was not prejudiced by the admission of the statement or by Officer West's testimony. *See Jackson v. State*, (1980) Ind., 402 N.E.2d 947; *Eldridge v. State*, (1977) 266 Ind. 134, 361 N.E.2d 155.

Under these circumstances, to reverse Long's conviction is to elevate form over substance. The judgment should be affirmed.