**Lawrence SIMMONS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 884S333.

Supreme Court of Indiana.

April 15, 1987.

F. Laurence Anderson, Jr., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following jury trial, defendant Lawrence Simmons was convicted of attempted murder. In this direct appeal he raises three issues: 1) failure to admonish jury following prejudicial testimony, 2) denial of motion for continuance, and 3) sufficiency of evidence.

The case arose from a shooting incident in Gary, Indiana, on June 13, 1982. Many of the material facts are in direct conflict because the only witnesses to the shooting were the defendant and the victim, Edgar Turner.

### Issue I

■ During the State's direct examination, Turner testified about the events leading up to the shooting incident. His narrative testimony included the following statement:

> ... but I was afraid at that time because knowing the defendant or knowing Lawrence Simmons—and his people had already told me that he is known for shooting people, so I was afraid that he would come back and shoot me or he would ambush me some kind of way, ...

Defense counsel did not move to strike or to otherwise object to this testimony. Thereafter, while in cross-examination, Turner provided the following answer to a question:

> The thought came to my mind that Lawrence [defendant] had shot somebody before, so I was wondering—

Defense counsel immediately approached the bench and moved for mistrial, which was denied. Defendant now contends that the trial court erred by failing to admonish the jury to disregard Turner's remarks as improper evidence.

Defendant failed to request any jury admonition. He cannot now claim error in the trial court's failure to do so. *Ballard v. State* (1982), Ind., 438 N.E.2d 707. *See also Biggerstaff v. State* (1982), Ind., 432 N.E.2d 34; *Pullins v. State* (1970), 253 Ind. 644, 256 N.E.2d 553. Furthermore, this Court has consistently upheld convictions against the claimed erroneous admission of improper evidence where evidence of the same probative effect had been previously admitted without objection. *Walton v. State* (1980), 272 Ind. 398, 398 N.E.2d 667; *Roberts v. State* (1978), 268 Ind. 348, 375 N.E.2d 215; *Bobbit v. State* (1977), 266 Ind. 164, 361 N.E.2d 1193; *Boles v. State* (1973), 259 Ind. 661, 291 N.E.2d 357.

We do not find error on this issue.

### Issue II

Defendant next contends that the trial court erred in denying his motion for continuance.

On November 14, 1983, the trial court rescheduled defendant's trial for March 5, 1984. On November 30, defendant's attorney was allowed to withdraw. A public defender was appointed on January 13, 1984. On February 14, 1984, the defendant, by counsel, appeared in court at which time the judge confirmed the March 5 trial date. On the morning of March 5, prior to the selection of the jury, defense counsel orally moved for a continuance on the ground that he had been unable to depose the State's primary witness, Edgar Turner. Defense counsel explained that a severe snowstorm had prevented Turner from appearing for the previously scheduled deposition and defense counsel's schedule prevented him from taking Turner's deposition at a later time. In addition, defense counsel contended that more time was necessary to acquire the gun used by Turner in the shooting incident.

In lieu of granting the continuance, the trial court postponed the beginning of testimony until the following day, March 6, and thereby allowed defense counsel to depose Turner on the afternoon of March 5. In addition, defense counsel intimated that he would execute a subpoena to acquire the gun; however, there is no indication in the record that a subpoena was sought or issued.

Defendant now argues that the trial court's denial of the motion for continuance left him with inadequate time to make effective use of Turner's deposition for impeachment purposes, to explore possible inaccuracies in Turner's testimony, and to examine the gun used by Turner in the shooting incident.

We addressed the subject of continuances in *Downer v. State* (1982), Ind., 429 N.E.2d 953, 954, as follows:

Continuances are granted under the authority of Indiana Trial Rule 53.4 [now Indiana Trial Rule 53.5]. Where the request is based on a non-statutory ground, as here, the granting of the motion is within the discretion of the trial court. Denial of the motion is reversible error only where there has been a clear abuse of that discretion. *Aron v. State*, (1979) Ind. [271 Ind. 412], 393 N.E.2d 157; *Johnson v. State*, (1979) Ind. [271 Ind. 145], 390 N.E.2d 1005, U.S. *cert. denied* 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312; *Miller v. State*, (1978) 267 Ind. 635, 372 N.E.2d 1168. In order to demonstrate an abuse of that discretion, the appellant must show he suffered prejudice as a result of the denial of the continuance. *Schalkle v. State*, (1979) Ind. [272 Ind. 134], 396 N.E.2d 384; *Vaughn v. State*, (1978) 269 Ind. 142, 378 N.E.2d 859. The trial court is not required to grant a motion for continuance merely because it complies with the rules of procedure but may look to the circumstances of the case as well as the allegations made in the motion. *Drollinger v. State*, (1980) Ind. [274 Ind. 5], 408 N.E.2d 1228; *Keys v. State*, (1979) Ind. [271 Ind. 52], 390 N.E.2d 148; *Miller, supra.* Continuances to allow more time for preparation are not favored and should be granted only with a showing of good cause and in furtherance of justice. *Keys, supra; Miller, supra.*

Defendant cites *Johnson v. State* (1979), 179 Ind.App. 28, 384 N.E.2d 1035, in support of his contention that the trial court abused its discretion. In *Johnson*, the trial court refused to grant a continuance when, in mid-trial, the State sought to introduce testimony from a surprise expert witness. The State had inadvertently failed to disclose the expert's identity or the nature of the expert's testimony in the discovery process. The trial court delayed the expert's testimony for one day, thereby allowing defense counsel the opportunity to depose the witness the night before testimony was given. Our Court of Appeals held that, under the circumstances, the trial court's remedy was inadequate, as "the opportunity to depose a surprise expert witness in mid-trial was comparable in effect to a pre-trial denial of a motion to depose an opposing party's expert witness." *Id.* at 35, 384 N.E.2d at 1039. In addition, the defendant was effectively precluded from obtaining an expert witness for rebuttal purposes or to investigate and prepare for the technical evidence. Despite the similarities between *Johnson* and the case at bar, we decline to interpret *Johnson* as broadly as defendant would urge.

In the instant case, Turner was not a surprise witness. Defense counsel had adequate opportunity to depose Turner well before trial. There is no indication that the State was responsible in any way for the delay. The record reflects that defense counsel conducted a vigorous and effective cross-examination of Turner using statements made by Turner in his deposition. In addition, defendant has failed to show how he was prejudiced as a result of the trial court's denial. He has not asserted that exculpatory information could have been acquired had counsel been allowed more time to investigate the case or to explore possible inaccuracies in Turner's testimony.

Similarly, defendant does not demonstrate prejudice because of his alleged lack of opportunity to examine Turner's gun. Defendant has not indicated what exculpatory fact could have been revealed through an examination of the gun when the issues at trial were focused on the circumstances surrounding the shooting and the question of who initiated the gun fire. In addition, defendant has not attempted to explain his own apparent lack of diligence in seeking to examine the gun. Despite indications that defense counsel had knowledge of the gun's whereabouts for at least a week before trial, the record contains no explanation why a subpoena was not sought until the day of trial.

We find that the trial court denial of defendant's continuance motion was not an abuse of discretion.

*Issue III*

We elect to address together defendant's last two claims of error as both allege insufficient evidence. Defendant contends that the State failed to adequately negate his claim of self-defense and also that the evidence was insufficient to sustain a conviction for attempted murder.

■ To prevail on a claim of self-defense, defendant must show that he was in a place where he had a right to be, acted without fault, and acted in reasonable fear or apprehension of death or great bodily harm. *Brooks v. State* (1982), Ind., 434 N.E.2d 878. We note that defendant's testimony regarding the sequence of events leading up to the shooting was sufficient to raise the issue of self-defense. Therefore, the burden was on the State to negate the defense beyond a reasonable doubt. *Palmer v. State* (1981), Ind., 425 N.E.2d 640.

We review this issue as we would any claim of insufficient evidence; we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the State carried its burden of proving beyond a reasonable doubt all elements of the crime charged. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Defendant points to the contradictions between Turner's testimony and the testimony of those witnesses supporting defendant's version of the events and concludes that a reasonable doubt exists as to whether defendant acted without fault and unreasonably used deadly force. We reject defendant's invitation to reweigh the evidence or judge the credibility of the witnesses. The jury was not required to believe the testimony supporting the defendant's innocence. A jury could logically conclude from Turner's testimony that the defendant provoked and initiated the shooting and was not acting out of reasonable fear or apprehension of death or great bodily harm. Thus we find sufficient evidence

existed to negate defendant's claim of self-defense beyond a reasonable doubt. Likewise, it may be inferred from defendant's use of a deadly weapon that he intended to kill Edgar Turner, and that his actions constituted a substantial step toward achieving that end.

We find no reversible error. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.