**David BOOKER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0806–CR–281.

Court of Appeals of Indiana.

March 25, 2009.

Transfer Denied May 21, 2009.

James R. Reed, Morocco, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

David Booker appeals his conviction of dealing in cocaine. He argues the prosecutor committed misconduct by not disclosing to defense counsel the oral statement Booker allegedly made to a police officer, and therefore, he should be granted a new trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of June 5, 2006, Officer Guy Mikulich was patrolling a high-crime area of Gary. He noticed Booker sitting in a car at a green light. Booker was not moving, and a female was leaning into his car. She looked up and walked away. Booker then made a turn without signaling. Suspecting drug or prostitution activity, Officer Mikulich began following Booker. Officer Mikulich noticed Booker's license plate was not illuminated and initiated a traffic stop based on the two infractions he had observed.

Officer Mikulich asked Booker for his license and registration. Booker made a movement as if he was reaching for them, but instead he sped off. Officer Mikulich got back into his car and chased Booker. The chase ended when Booker lost control and hit a light post.

Officer Mikulich ordered Booker out of his vehicle, but Booker did not cooperate.

Officer Mikulich sprayed him with OC spray, pulled him out of the vehicle, and placed him on the ground. Booker continued to struggle, but eventually was restrained in handcuffs.

Officer Mikulich searched Booker and found a handgun and a bag containing thirty smaller bags of cocaine. Officer Mikulich then performed an inventory search of Booker's vehicle and found another handgun. Booker did not have a permit to carry the handguns.

Booker was placed in a police car, and Officer Mikulich read him his *Miranda* rights. Officer Mikulich then transported him to a hospital for treatment of a laceration on his head. At the hospital, Booker told Officer Mikulich, "You know I'm not really a bad guy, I just sell a little here to make ends meet." (Tr. at 37.)

Booker was charged with dealing in cocaine, a Class B felony;[1] resisting law enforcement, a Class D felony;[2] and carrying a handgun without a license, a Class A misdemeanor.[3] At trial, Booker denied having cocaine, but admitted he fled from the police because of the handguns. The jury found Booker guilty as charged; however, by agreement of the parties, judgment was entered as a Class A misdemeanor on the resisting law enforcement count.

## DISCUSSION AND DECISION

Officer Mikulich did not disclose in his police report or deposition that Booker had said, "You know I'm not really a bad guy, I just sell a little here to make ends meet." Officer Mikulich first told the prosecutor about this statement the week before trial.

---

1. Ind.Code § 35–48–4–1(a)(2)(C).

2. Ind.Code § 35–44–3–3(a).

3. Ind.Code §§ 35–47–2–1 and 35–47–2–23(c)(2)(B).

The prosecutor did not share this information with defense counsel. Defense counsel first learned about Booker's alleged statement in the State's direct examination of Officer Mikulich during its case in chief.

At that point, defense counsel told the trial court the State had not provided Booker's statement in discovery and moved for a mistrial. After some argument, the prosecutor asked the court to admonish the jury to disregard Officer Mikulich's testimony about Booker's statement. The trial court declined to give an admonition and gave the parties twenty minutes to research whether there had been a discovery violation. After hearing additional arguments, the trial court denied the motion for mistrial, and the State resumed its examination of Officer Mikulich. On cross-examination, defense counsel established that Officer Mikulich had not put Booker's statement in his report and had only recently told the prosecutor about it. Both parties addressed Officer Mikulich's omission in their closing arguments.

Relying on *Denney v. State*, 695 N.E.2d 90 (Ind.1998), the State argues the prosecutor was not required to disclose the statement because it was within Booker's knowledge. Denney shot and killed his roommate. His defense was that he was so intoxicated he could not have committed the offense knowingly. A sample of Denny's blood was taken for testing, but the results were not returned to the State until after the trial. On appeal, Denney argued the State violated his due process rights by not disclosing in discovery that his blood sample was being tested and a report was forthcoming. The Indiana Supreme Court disagreed, because Denney had actual knowledge that a blood sample had been taken, and the test was a matter of record because it had been court-ordered. *Id.* at 95.

*Denney* is distinguishable. The State's argument assumes Booker in fact made the statement. Booker, however, denies making the statement, and the jury's general verdict does not reveal whether it found Booker made the statement. Furthermore, even when a defendant acknowledges he has made an incriminating statement, it is critical for the defendant to know what the State will claim he said. *See Long v. State*, 431 N.E.2d 875, 877–78 (Ind.Ct.App.1982) (finding due process violation where prosecutor did not disclose Long's written statement in response to Long's discovery request "regardless of whether Long should have known of its existence"). Therefore, we decline to assume Booker made the statement or hold his knowledge of his own statements necessarily excuses any discovery violation. Instead, we will determine whether the prosecutor in fact committed a discovery violation.

Trial courts have broad discretion with regard to rulings on discovery matters. *Hooper v. State*, 779 N.E.2d 596, 599 (Ind.Ct.App.2002).

> On review of discovery matters, this court recognizes that the trial court is in the best position to assess the effect of discovery violations. Accordingly, we will reverse a ruling on discovery matters only when clear error occurs. "[T]he appropriate standard of review in all instances of prosecutorial failure to disclose evidence [is whether] 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result would have been different.'" "When remedial measures are warranted, a continuance is usually the proper remedy...."

*Id.* (citations omitted).

The trial court concluded no discovery violation had occurred. The State

has a constitutional duty to disclose evidence favorable to the defendant, but there is no affirmative duty to provide inculpatory evidence. *See Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (to establish a *Brady* violation, the evidence at issue must be favorable to the accused). Discovery is governed by Ind. Trial Rule 26, which does not provide for mandatory disclosures. *Cf.* Fed.R.Civ.P. 26 (listing disclosures that must be made without awaiting a discovery request). A discovery order was issued in this case, but Booker acknowledges an unrecorded oral statement does not fall under any of the categories of evidence covered by the order. (*See* Appellant's App. at 14) (parties required to disclose "witnesses' written or recorded statements"). Defense counsel argued to the trial court that it was customary practice in Lake County to disclose all incriminating statements made by a defendant; however, Booker has not shown such disclosure is required by any local rule. Had Booker requested the disclosure of all statements he was alleged to have made, the State would have been required to comply, *see Long,* 431 N.E.2d at 877; however, he made no such request.

 Booker has not identified any authority requiring the prosecutor to affirmatively disclose his alleged statement; therefore, we cannot say the trial court clearly erred by finding there was no discovery violation. Nevertheless, the trial court noted disclosure would have been the "honorable" and "right" thing to do, (Tr. at 155), and we agree. Discovery rules are designed to allow liberal discovery and to eliminate surprise with a minimum of court involvement. *Old Indiana LLC v. Montano ex rel. Montano,* 732 N.E.2d 179, 183 (Ind.Ct.App.2000), *trans. denied* 753 N.E.2d 1 (Ind.2001). Defense counsel might have stumbled on the evidence had

he asked the right question when deposing Officer Mikulich; however, there was nothing to alert him to the need to pursue such line of questioning. Knowing Booker's statement was not in the police report or other discovery materials and defense counsel was likely unaware of the statement, the prosecutor should have disclosed it. The failure to do so did not promote the goals of discovery. We note the ABA Standards for Criminal Justice provide a prosecutor should disclose "[a]ll written and all oral statements of the defendant or of any codefendant that are within the possession or control of the prosecution and that relate to the subject matter of the offense charged, and any documents relating to the acquisition of such statements." Standard 11–2.1 of ABA Criminal Justice Standards: Discovery, *available at* www.abanet.org/crimjust/standards (last visited Feb. 10, 2009).

Although we do not condone the prosecutor's conduct, it was not a discovery violation. Nor is there a reasonable probability that the result would have been different if the prosecutor had promptly disclosed the statement. Booker admitted he fled from a routine traffic stop. Officer Mikulich found thirty baggies of cocaine in Booker's pocket. Two other officers testified they saw Officer Mikulich remove the cocaine from Booker's pocket. The cocaine was entered into evidence, and each of the testifying officers identified Booker in court. There was ample evidence from which the jury could find Booker guilty of dealing in cocaine; therefore, he has not demonstrated he is entitled to a new trial.

Affirmed.

FREIDLANDER, J., and BRADFORD, J., concur.