Richard L. **WIDNER,**
**Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 3–678A144.

Court of Appeals of Indiana,
Third District.

July 19, 1979.

Don G. Blackmond, South Bend, for appellant-defendant.

Theo. L. Sendak, Atty. Gen., Jack R. O'Neill, Depty Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Richard L. Widner was tried without the intervention of a jury and found guilty of operating a vehicle which weighed in excess of seventy-three thousand two hundred and eighty (73,280) pounds upon a public highway.[1] The court fined Widner Two Thousand Four Hundred and Seventy-Six Dollars ($2,476.00) and suspended his driver's license for a period of one year. In his appeal to this Court, Widner raises the following issues for our review:

    (1) Whether the trial court erred when it admitted testimony regarding the results of the vehicle weigh in?

    (2) Whether the trial court erred when it overruled Widner's motion for judgment of acquittal at the close of evidence?

We affirm the judgment of the trial court. We *sua sponte* vacate, however, the trial court's suspension of Widner's driver's license.

We note at the outset that we reject the State's contention that Widner forfeited his right to an appeal when his attorney failed to sign the praecipe necessary to initiate the appeal. The praecipe, which bore the typewritten name and address of Wid-

ner's counsel, arrived at the clerk's office via certified mail (return receipt requested) within the thirty day limitation period established in Ind.Rules of Procedure, Appellate Rule 2(A).[2] Upon receipt of the praecipe, a deputy clerk, for reasons unrelated to the absence of counsel's signature, neglected to enter the praecipe on the cause docket. Approximately four months later, the praecipe was discovered in a docket envelope by a member of the clerk's staff. Widner then filed a timely Motion to Correct the Record Nunc Pro Tunc to reflect the timely filing of the praecipe. The trial court granted Widner's motion.

Ind.Rules of Procedure, Trial Rule 11(A) requires that "Every pleading or motion of a party represented by an attorney shall be signed by at least one [1] attorney of record in his individual name . . . ." The signature constitutes the attorney's certificate that he or she has read the pleading (or motion), and that the pleading is filed in good faith, and not for dilatory purposes. Under the provisions of TR. 11(A), noncompliance with the requirement *may* be sanctioned by striking the pleading and proceeding with the cause as though the pleading had not been served.

In the exercise of this discretion, however, trial courts should remain cognizant of the long-standing preference of the courts of this state to decide cases on their merits. *Williams v. State* (1969), 253 Ind. 316, 318, 253 N.E.2d 242, 243. In the circumstances of this case, we find that the trial court properly refrained from invoking the sanction available under TR. 11(A). The lapse of four months between the timely filing of Widner's praecipe and the nunc pro tunc entry was occasioned not by the absence of counsel's signature, but rather by a clerical miscue in the clerk's office. There is no indication that the clerk's oversight was in any way related to the failure of Widner's attorney to sign the praecipe.

1. IC 1971, 9-8-1-2 (Burns Code Ed.).

2. AP. 2(A) reads:

"An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty [30] days after the court's ruling on the motion to correct errors or the right to appeal will be forfeited. A copy of such praecipe shall be served promptly on the opposing parties."

These circumstances cannot operate to defeat Widner's right to an appeal.

## I.

### Admission of Weigh In Results

 Widner maintains that the trial court erred when it permitted State Police Weighmaster Ralph R. Reed to testify that Widner's vehicle weighed ninety-nine thousand and forty (99,040) pounds when it was stopped and weighed by Reed on Interstate 65 near Lowell, Indiana. Widner predicates his argument that the evidence was inadmissible on the basis that there was no evidence to establish that the weigh in was conducted in accordance with the procedural requirements of Administrative Rules and Regulations (24–6–3–13)–1 and 2 (Burns Code Ed.).

Those regulations were promulgated pursuant to the legislative scheme established in IC 1971, 24–6–3–1 et seq. (Burns Code Ed.), and were designed to insure uniformity of weights and measures in the enforcement of trade and consumer laws.[3] Administrative Rule and Regulation (24–6–3–13)–1 and 2, *supra,* do not control the mode of enforcement of the overweight vehicle laws delineated in IC 1971, 9–8–1–1 et seq. (Burns Code Ed.).

 The evidence established that six months prior to the weigh in of Widner's vehicle, the Division of Weights and Measures of the State Board of Health had inspected the scales and certified the reliability of them. Prior to opening the scales on the day of Widner's weigh in, Officer Reed had balanced and calibrated the scales to insure their accuracy. Based on this evidence, the trial court did not abuse its discretion in permitting Reed to testify regarding the results of the vehicle weigh in.

## II.

### Judgment of Acquittal

 Widner contends that the trial court erred when it overruled his motion for judgment of acquittal at the close of evidence. The record, however, reveals that no such motion was tendered to the trial court following the presentation of evidence. Widner's contention is accordingly without merit.[4]

 While we affirm Widner's conviction, we hereby vacate the court's suspension of Widner's driver's license for a period of one (1) year. There is no evidence in the record to indicate that Widner's violation was done "knowingly and of his own volition", a statutory prerequisite to the suspension of a defendant's license for the violation of overweight vehicle laws. IC 1971, 9–8–1–22, Ind.Ann.Stat. § 47–548 (Burns Code Ed.).[5] The cause is remanded with directions to vacate the suspension of Widner's driver's license.

GARRARD, P. J., and HOFFMAN, J., concur.

---

3. For example, see IC 1971, 24–6–3–12, Ind.Ann.Stat. § 69–113 (Burns Code Ed.) which governs the sale by weight of commodities.

4. We are unable to perceive the role which the supposed motion would have played in the circumstances. Widner was tried without the intervention of a jury. At the close of evidence, the trial court was faced with two mutually exclusive alternatives—acquittal or a guilty verdict.

5. The statute prohibits the suspension of a defendant's "chauffeur's" license. Presumably, the trial court suspended Widner's chauffeur's license, since Widner's receipt of that license necessitated that he surrender his "operator's" license. IC 1971, 9–1–4–26 (Burns Code Ed.).