**Dennis N. STRANGE, Appellant,**

v.

**The STATE of Indiana, Appellee.**

**No. 582S196.**

Supreme Court of Indiana.

Aug. 30, 1983.

Rehearing Denied Nov. 1, 1983.

Harold W. Blake, Guido & Stewart, Danville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Dennis N. Strange was convicted of Murder, Ind.Code § 35–42–1–1 (Burns Repl.1979) at the conclusion of a jury trial in Hendricks Circuit Court on November 11, 1981. Strange was sentenced

to a term of thirty (30) years imprisonment. He now appeals.

Defendant raises three errors on appeal, concerning: 1) whether the admission of some slides were inflammatory and prejudicial evidence; 2) whether the trial court erred when it denied the defendant's post-trial motion to dismiss or grant a new trial; and, 3) whether there was sufficient evidence to convict the defendant of murder.

Defendant Strange was arrested and charged with the murder of his wife, Bobetta Strange. Mrs. Strange died after being shot once in the chest with a 28 gauge shotgun. Defendant claimed the gun accidentally discharged when the victim grabbed the gun.

## I

■ The defendant contends that State's exhibit 36, a photographic slide of the victim, was erroneously admitted into evidence because it was repetitive, inflammatory, and prejudicial. State's exhibit 36 showed the victim's body, with a close-up of the wounds she received which caused her death. The State also had introduced other photographs showing the victim and her wounds, and the defendant therefore claims that this photograph was unnecessary and had no value except to inflame the jury. State's exhibit 39 also showed the body of the victim from a different vantage point and another exhibit showing the victim's body was Defendant's Exhibit A.

■ There is no showing here that the trial judge abused his discretion in admitting State's exhibit 36. Photographs of the victim, although admittedly gruesome and repetitious, are not necessarily rendered inadmissible merely because of the number presented. Defendant must clearly show that their tendency to improperly influence the jury outweighed their probative value to the extent that they were unduly prejudicial. There is no such showing here. It was proper evidence which showed the facts and conditions as they existed at the crime scene and also showed the injuries to the victim's body. *Akins v. State*, (1982) Ind., 429 N.E.2d 232, 236; *Chandler v. State*, (1981) Ind., 419 N.E.2d 142, 149; *Bonner v. State*, (1979) 271 Ind. 388, 392 N.E.2d 1169, 1170.

## II

■ After the trial and the defendant's conviction for murder, he filed a motion before the trial court which alternately asked either that the cause be dismissed or that he be given a new trial because the State had withheld exculpatory evidence. Strange stated fingerprints were lifted from the barrel of the shotgun which he claims were the fingerprints of the victim, Bobetta, which in turn would corroborate his story that the gun went off accidentally when Bobetta grabbed the gun and tried to pull it from the defendant's hands or push it away from her. The State had maintained throughout the trial that it was impossible to raise fingerprints from the barrel of the shotgun because it was so rusty and pitted. They therefore claimed that attempts to raise fingerprints from the barrel were impossible and that none therefore existed.

Defendant's claim stems from a statement made by a jail inmate, Daniel Buordo. Buordo was in the jail at the same time the defendant was and he claimed that he heard police officer Williams state that he, Williams, felt uncomfortable about the defendant's conviction because of the fingerprints that had been lifted from the barrel of the shotgun. Buordo later recanted this statement and said he had misunderstood Williams and denied that Williams had made such a statement. Williams also categorically denied he had made such a statement and, in fact, stated he was aware that no fingerprints were ever lifted from the barrel of the shotgun. All of the police witnesses testified that no fingerprints existed from the barrel of the shotgun since it was impossible to lift them. Defendant's claim that the State withheld exculpatory evidence is based on an exhibit that does not exist except on the uncorroborated statement of jail inmate Buordo, who now withdraws the claim and states he knows he was wrong in making the initial statement.

Defendant's position here is not unlike that taken by the defendant in *Pierce v. State,* (1970) 253 Ind. 650, 655, 256 N.E.2d 557, 560:

"Appellant's charge of suppression as it relates to sandwich bags from a nearby restaurant likewise is baseless since the existence of such articles is subject to question. The only evidence in the record supporting appellant's claim that such articles existed was contributed by a witness for the defense whose recollection of the state of the murder scene was very inconsistent. Appellant's attempt to torture this situation, where the very existence of the articles is doubtful, into a prosecutor's scheme to suppress evidence must fail. The evidence must be shown to be relevant material and of some substantial use to the accused. *United States v. Tomaiolo* (1967) 2 Cir., 378 F.2d 26. We find the appellant has shown no error in the connection."

We find no abuse of discretion by the trial court in denying the defendant's alternative motion. The trial court was justified in finding that the evidence clearly established that tests were not taken so no such exhibits existed. The only evidence tending to show the existence of such exhibits was of very questionable credibility in the person of Buordo, who later withdrew his statement. There is no showing that exculpatory evidence was withheld by the prosecution nor has the defendant shown how he was prejudiced by the manner of the police investigation. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805, 820; *Pierce, supra.* We find no error on this issue.

### III

■ Finally, the defendant claims that the evidence was insufficient and therefore the jury could not have found him guilty of murder. In dealing with sufficiency of the evidence arguments we consider only that evidence which is most favorable to the State, together with all the reasonable and logical inferences to be drawn therefrom. *Walker v. State,* (1983) Ind., 444 N.E.2d 842, 848; *McCollum v. State,* (1980) Ind., 413

N.E.2d 912, 913. This Court will not reweigh the evidence or determine the credibility of the witnesses. *Walker, supra; Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228, 1242. When there is substantial evidence of the offense, the verdict of the jury will not be disturbed. *Begley v. State,* (1981) Ind., 416 N.E.2d 824, 827.

The evidence revealed that on the night of the murder, the defendant and his wife had dinner at the Coach and Horses Restaurant in Marion County, Indiana. While dining the two began to argue. This argument became so intense that the restaurant employees were obliged to summon assistance from the sheriff's department. Before the police arrived, the defendant pointed his finger at his wife and stated "until death do us part." One witness testified that the defendant threatened to shoot his wife if she came home or went through their door that night. The defendant left the restaurant when the police arrived.

One of the bartenders, James Callahan, agreed to take Bobetta Strange to her mother's home but she first wanted to go home for a change of clothes. She instructed Callahan not to stop, however, if the defendant's car was in the driveway. The driveway was empty and the house was dark when Bobetta and Callahan arrived at the house. The defendant, however, had hidden his car and was waiting inside the house. Callahan watched Bobetta enter the house and shortly afterwards saw the defendant drag her out the front door with her head locked in one arm while he held a shotgun to her throat with his other arm. He ordered Callahan to leave and then fired one shot into the air. The defendant then reloaded the single shot shotgun inside the house and shot his wife in the chest, killing her.

The defendant claims that he did not intentionally shoot and kill his wife. He states that the shooting happened when the gun accidentally went off as he was helping Bobetta get up off the floor where he had been kicking her. As proof, the defendant points out that one of Bobetta's fingers had been injured by the blast. This occurred,

he urges, when her hand grabbed the end of the barrel. Expert testimony, however, disputed the defendant's version of what happened. Testimony showed that the gun was anywhere from five to six feet away from the victim when it discharged. Had the victim's hand been near the barrel, there would have been tell-tale powder burns on the injured finger. The medical specialists did not discover any powder burns. The evidence showed that the defendant threatened his wife, lay in wait for her, had to reload his shotgun, and then shot her from at least five feet away. All this gives rise to a reasonable inference on the jury's part that the defendant intentionally killed his wife.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.