**Randall Lee PRINE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 683S210.**

Supreme Court of Indiana.

Dec. 30, 1983.

Peter G. Koransky, Spangler, Jennings, Spangler & Daugherty, P.C., Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Randall Lee Prine was convicted by a jury in the Lake Superior Court of class B felony robbery. He subsequently was sentenced to twelve years imprisonment. Appellant now directly appeals and raises the following two issues for our review:

1. whether there was sufficient evidence from which the trial court properly could deny Appellant's motion for a directed verdict and from which the jury properly could find Appellant guilty as charged; and

2. whether the trial court erred by admitting certain identification evidence during the State's redirect examination of a witness.

## I

■ We first note that Appellant's motion for a directed verdict was made at the close of the State's case. The trial court denied it. Appellant thereupon presented evidence in his defense and never renewed his motion for a directed verdict. Any error in the denial of his motion for a directed verdict therefore was waived. *Peckinpaugh v. State,* (1983) Ind., 447 N.E.2d 576; *Walker v. State,* (1983) Ind., 444 N.E.2d 842.

The facts adduced at trial show that during the early morning hours of March 26, 1982, Michael Tucker was working as the night manager of the White Hen Pantry located at 169th and Calumet in Hammond. At approximately 2:20 a.m., Tucker observed a man enter the store and wander around. Suspecting the man to be a shoplifter, Tucker watched him closely. The man also was observed by Jeff Newman, a customer in the store. The man eventually carried some items to the cashier's counter but there pulled a gun on Tucker and demanded money. Tucker complied with the demand. When the man left, Tucker tripped the store's alarm and followed the man to see if he could observe the man fleeing. Tucker saw nothing. Newman had left the store to get into his truck but watched the man point what appeared to be a gun at Tucker. Tucker and Newman both identified Appellant as the man who perpetrated the instant robbery.

■ With regard to sufficiency of the evidence questions, this Court will neither reweigh the evidence nor determine the credibility of witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Oatts v. State,* (1982) Ind., 437 N.E.2d 463, *reh. denied; Gatewood v. State,* (1982) Ind., 430 N.E.2d 781. Furthermore, it is well settled in Indiana that a robbery conviction can rest upon the uncorroborated testimony of one witness. *Martin v. State,* (1983) Ind., 453 N.E.2d 1001. Reviewing the evidence in the instant case, we find more than sufficient evidence of probative value to justify the jury's verdict.

## II

Appellant next argues that the trial court erred by overruling his objection to testimony by Michael Tucker pertaining to his viewing of certain identification photographs. Appellant specifically argues that said testimony was improper during the State's redirect examination of Tucker because it was beyond the scope of Appellant's prior cross-examination of Tucker. The State submits that the alleged error was waived. We agree.

■ The specification of error in Appellant's Belated Motion to Correct Errors upon which he now rests the instant claim reads as follows:

> "2. That the Court permitted an error of law in the conduct of the trial by allowing the admission of inadmissible evidence."

We previously have held that to preserve an alleged error for appellate review, the error must be stated *with specificity* in the motion to correct errors. *Guardiola v. State,* (1978) 268 Ind. 404, 375 N.E.2d 1105. Appellant's specification of error number 2 in his Belated Motion to Correct Errors does not even nominally satisfy the requirement of specificity. Appellant's error argued on appeal accordingly was waived. *Nunn v. State,* (1983) Ind., 450 N.E.2d 495; *Brumfield v. State,* (1982) Ind., 442 N.E.2d 973.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.