Diamond OWEN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–679A159.

Court of Appeals of Indiana,
Third District.

July 16, 1980.

Ronald V. Aungst, Valparaiso, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant Owen was tried by jury and was convicted upon two counts of conspiracy to deliver a controlled substance (phencyclidine) and one count of dealing in a controlled substance (heroin).

His appeal presents two issues: Was it error to summarily deny his motion to depose a police informant? Was the verdict contrary to law and the evidence in failing to determine that he was insane when the offenses were committed? A third issue challenging the denial of a pretrial motion for discharge has been waived since no argument concerning it was presented in the argument portion of appellant's brief. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).

We find the evidence was sufficient to support the verdict, but that the court erred in denying the discovery. Accordingly, we remand with instructions. For this reason we consider the insanity issue first.

At the outset we feel constrained to observe that counsel's argument may hardly be said to comply with the mandate of AR 8.3(A)(7) which requires citation to the parts of the record relied upon and "a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case." Owen's argument merely asserts generalizations and conclusions about the evidence without citation to the transcript. We have, nevertheless, examined the merits of the argument. We find them unpersuasive.

Two points concerning appellate review of Owen's allegation are well settled. We will consider only whether the evidence favorable to the verdict was sufficient to support it. In making its determination of sanity, the jury may look to all the evidence bearing on the issue, including the opinions of lay witnesses and the facts and circumstances surrounding the offense. It is not bound by expert testimony on the subject. *See, e. g., Morris v. State* (1979), Ind., 384 N.E.2d 1022.

Here the evidence was adequate. Owen's activities were described and Officer Rogers, who observed Owen at the relevant times, gave his opinion of Owen's sanity. In addition, the state produced Owen's cellmate from jail who detailed conversations wherein Owen indicated he was feigning insanity as a defense. Considering all the facts and circumstances, the jury could properly have concluded that Owen was not insane.

We turn then to the question of pretrial discovery. A month before the scheduled trial date Owen filed his motion alleging that one Sheila Steele was a material witness and that he was unable to locate her but believed her whereabouts were known to the state. The motion sought discovery of where she was and a direction that Owen be permitted to take her deposition. The court summarily denied the motion without hearing that same day.

Owen asserts that this was an abuse of discretion and denied him the possibility of developing a defense of entrapment.

It appears from the evidence adduced at trial that Owen was apprehended as the result of undercover police activities by the Porter County Sheriff's Police designed to reveal violations of the law concerning controlled substances. Moreover, it appears that Sheila Steele was acting as a confidential informant to various law enforcement agencies and did originally introduce Officer Rogers to Owen at her home.

The state responds by contending that Owen has failed to establish an abuse of discretion. We disagree.

In *Amaro v. State* (1968), 251 Ind. 88, 239 N.E.2d 394 our Supreme Court established that while discovery in criminal cases is discretionary, the discretion is limited and discovery may be denied only where a paramount interest of the state is shown. *See also Bernard v. State* (1967), 248 Ind. 688, 230 N.E.2d 536 (list of witnesses).

█ Moreover, as explained in *Murphy v. State* (1976), 265 Ind. 116, 352 N.E.2d 479, where we are considering discovery germane to the preparation and presentation of an accused's defense, we cannot presume that no exculpatory or mitigating evidence would have surfaced or that the trial would have followed the same course had discovery been permitted. It is therefore not possible to determine that the error was harmless if the discovery was relevant and should have been allowed.

█ Here it appears that Sheila Steele was involved in the events surrounding the offense of September 30, 1976. As the court observed in *Murphy*, it may be that her evidence would have been unproductive for the defense, or that the state could properly have protected her from submitting to discovery, but those are merely speculations. It was arbitrary and an abuse of discretion for the court to deny the discovery request without hearing. *Murphy, supra.*

█ Nor, as the state contends, did a post trial affidavit filed by the prosecuting attorney render the error harmless. The affidavit asserted that Sheila Steele had acted as a confidential informant for the Portage Police Department and the Federal Bureau of Investigation; that the Federal Bureau of Investigation had relocated her; and that her whereabouts were unknown to the prosecutor's office and had been unknown since her removal.

In addition to the lateness of its filing, this affidavit is remarkable for what it omits. It contains no time references or other statements of fact which negate the availability of the witness either when the deposition was requested or at the time of trial. Neither does it purport to establish that the witness was not reasonably available to the state upon request.

We need not speculate upon the reasons for this form of affidavit, but the instrument demonstrates precisely why a hearing should be conducted on discovery requests where the state has an objection to granting the requested discovery. Then the court can consider both the merits of a defendant's need and the reasons, if any, why the discovery should be withheld even though the witness might provide information relevant to the defense.

We conclude, therefore, that the conviction for delivery of a controlled substance on September 30, 1976 should be remanded for hearing upon defendant's request to depose Sheila Steele prior to trial. If the court determines that the request should be granted, then it is directed to award Owen a new trial upon that count. If it determines the request should be denied, then subject to the right of appeal concerning that determination, the conviction on Count I is affirmed.

However, as to the remaining two counts we find that the court's error in refusing the deposition was harmless.

In *Murphy, supra,* the defendant's petition sought permission to depose seven witnesses called or intended to be called by the state. Since their credibilities would thereby be in issue, the Supreme Court readily concluded that neither reviewing court nor trial court could speculate that no exculpatory or mitigating evidence might be found had discovery been afforded.

Here the state did not list or attempt to call Sheila Steele as a witness. However, since it appears that she was connected with the events of September 30, 1976, as previously found, it was error to summarily deny the discovery. Those circumstances do not, however, hold for the transactions of October 5 and 6, 1976. It does not appear from the evidence or the appellant's assertions that Ms. Steele had any connection with those transactions and so the element of potential materiality is lacking as to them. Accordingly, as to these offenses

we find the refused discovery to have been harmless error.

The convictions on Counts II and III are affirmed; the conviction on Count I is remanded for further proceedings in accord herewith.

HOFFMAN, and STATON, JJ., concur.