**Steve TINNIN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 480S117.

Supreme Court of Indiana.

Feb. 5, 1981.

James A. Neel, Neel & Wyndham, Indianapolis, for appellant (defendant below).

Theodore L. Sendak, Atty. Gen. of Indiana, Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The defendant, Steve Tinnin, was convicted by a jury of possession of a narcotic drug, a class D felony, Ind.Code § 35–48–4–6 (Burns 1979 Repl.) and being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.) (amended 1980). He was sentenced to two years for the class D felony and thirty years on the habitual offender charge. He now presents six issues for review:

1. Whether the trial court erred in denying defendant's motions for a mistrial;

2. Whether the trial court erred in refusing defendant's request to take the deposition of a prosecution witness;

3. Whether the trial court erred in overruling defendant's motion to suppress;

4. Whether the trial court erred in excluding certain impeachment evidence offered by defendant;

5. Whether the trial court erred in failing to give two instructions tendered by defendant; and

6. Whether there is sufficient evidence to support the jury's verdict on the narcotics charge.

The evidence most favorable to the state discloses that in the afternoon of August 1, 1978, four Indianapolis police officers armed with a search warrant proceeded to an apartment where they had reason to believe defendant resided. Defendant was encountered outside the apartment, and he let the officers inside with a key. Defendant informed them that a quantity of heroin was located inside the hall closet. He then pointed to a shoebox inside the closet which revealed the heroin.

### I.

During the cross-examination of a defense witness, the state attempted to

impeach his veracity through the use of prior convictions. The state inquired whether he and defendant had both been convicted of second-degree burglary in January of 1966. The trial court immediately struck the question, saying that the witness could be questioned as to his convictions but not those of defendant. Defendant moved for a mistrial, but it was denied, and the jury was admonished.

Arguably, defendant's convictions were not relevant to the matter of this witness's general propensity for telling the truth. The granting of a mistrial lies largely within the sound discretion of the trial court and is only proper where, under all the circumstances, the defendant has been placed in a position of grave peril to which he should not have been subjected. *Schmanski v. State*, (1979) Ind., 385 N.E.2d 1122; *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312. Furthermore, if a jury is admonished by the trial judge to disregard what has occurred at trial, or if other reasonable curative measures are taken, no reversible error will normally be found. *Smith v. State*, (1978) Ind., 382 N.E.2d 937; *Ballard v. State*, (1974) 262 Ind. 482, 318 N.E.2d 798. Here, the defense witness never answered the question, and the jury was promptly admonished. The trial court did not abuse its discretion in denying the motion for mistrial.

Later, during cross-examination of the defendant, the state asked if he had been convicted of second-degree burglary in 1966 and placed on probation. The defendant asked if that was a juvenile conviction. The state replied in the affirmative, and the defendant then admitted the conviction. The prosecutor acknowledged the answer and defendant further explained that the conviction had been for stealing some dogs. Defense counsel then objected and moved for a mistrial, contending that references to juvenile convictions were improper. The motion for mistrial was denied.

We hold that the objection here was not timely. A party must make his objection to a question before the answer is given in order to preserve the issue for appeal. *Dombkowski v. State*, (1967) 249 Ind. 32, 230 N.E.2d 602; *Beeler v. State*, (1952) 230 Ind. 444, 104 N.E.2d 744. Any error that occurred has thus been waived.

## II.

Defendant next contends that the trial court erred in refusing his request to depose Detective Thomas Schneider who was to be a prosecution witness at trial. Defendant's first attorney entered his appearance on August 4, 1978. Subsequently, there were at least four pretrial conferences, two trial dates were canceled due to defense motions for a continuance, and defendant changed attorneys twice.

Finally, on September 5, 1979, the trial court set a trial date for November 12, 1979, and ordered that all discovery motions be filed by October 31, 1979. On November 2, 1979, ten days prior to trial, defendant for the first time made a motion for an order authorizing the taking of Detective Schneider's deposition at public expense. The trial court denied the motion as being "untimely filed."

We recognize that normally, absent a showing that the defendant had no legitimate defense interest in support of his motion or that the state had a paramount interest to protect, criminal defendants have a right to discovery, including the taking of depositions from those persons listed as state's witnesses. *Murphy v. State*, (1976) 265 Ind. 116, 352 N.E.2d 479; *Howard v. State*, (1969) 251 Ind. 584, 244 N.E.2d 127. The granting of the discovery motion is subject to the limited discretion of the trial court. *Amaro v. State*, (1968) 251 Ind. 88, 239 N.E.2d 394; *Owen v. State*, (1980) Ind.App., 406 N.E.2d 1249. However, it is also true that the trial court has inherent power to issue orders which are necessary to prevent the use of discovery from unjustifiably delaying the proceedings. *Antrobus v. State*, (1970) 253 Ind. 420, 254 N.E.2d 873; *Gutowski v. State*, (1976) 170 Ind.App. 615, 354 N.E.2d 293 (Garrard, J., and Hoffman, J., concurring in result).

■ Defendant stresses the fact that a new attorney had just been appointed for him on August 1, 1979. However, Detective Schneider was known from the outset to be the key prosecution witness, and there was more than enough time for the defense to make its motion to depose him prior to the trial court's October 31, 1979 deadline. Under the circumstances of this case evidencing defendant's lack of diligence, the trial court did not abuse its discretion in denying the motion to take Detective Schneider's deposition.

### III.

Defendant next alleges that the trial court erred in denying his motion to suppress the heroin seized in the course of executing the search warrant. First, he attacks the probable cause affidavit, contending that it failed to adequately establish the credibility of the confidential informant who was the source of the affiant's information. Ind.Code § 35–1–6–2 (Burns 1979 Repl.). The affiant was Detective Schneider.

■ The affidavit recited:

"Said informant is reliable in that information provided by said informant in the past has led to at least two arrests where at least two seizures of controlled substances have been obtained."

It is well established that a statement in an affidavit declaring that the informant has previously supplied valid information is sufficient to satisfy the statutory requirement of facts as to the credibility of the informant. *Webster v. State*, (1978) Ind., 383 N.E.2d 328; *Hoskins v. State*, (1977) Ind.App., 367 N.E.2d 1388. Defendant's contention is, therefore, without merit.

Defendant also maintains that the information upon which the affidavit was based was too "stale" to permit issuance of the warrant. He cites *Ashley v. State*, (1968) 251 Ind. 359, 241 N.E.2d 264, which held that information indicating that marijuana was present at a certain residence would not support a finding of probable cause when that information was eight days old. This Court observed that a substance like marijuana was easily concealed and moved about.

■ In the present case, the affidavit was dated August 1, 1978, and stated in pertinent part:

"This affiant basis [sic] his belief on the following information that within the past seventy-two hours of August 1, 1978 a confidential, credible and reliable informant came personally to this affiant and stated that within the past seventy-two hours of August 1, 1978 said informant was personally inside the residence located at 1925 N. Senate Ave., Indpls., marion [sic] County, Indiana and personally observed in the possession of Steve Tinnin N/M a substance said informant believed to be heroin, a derivative of opium."

The search warrant was issued the same day. Thus, at the time the determination of probable cause was made, the information was at most three days old.

In *Ashley*, this Court noted that there was no precise rule as to how much time could intervene between the obtaining of the facts and the issuance of the search warrant. As the United States Supreme Court stated in speaking of a federal statute authorizing the issuance of search warrants for illegal intoxicating liquors:

"While the statute does not fix the time within which proof of probable cause must be taken by the judge or commissioner, it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States*, (1932) 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260, 263.

The Arizona Supreme Court was faced with an identical situation as the case at bar in *State v. Camargo*, (1975) 112 Ariz. 50, 537 P.2d 920. There, the court held:

"The fact that there was a delay of approximately 72 hours between the time the drugs were seen by the confidential informant to be in Espinoza's possession and the time that the warrant was issued does not invalidate the warrant. The

drugs were not on the person of Espinoza but in his home, unlike *State v. Hutton*, 110 Ariz. 339, 519 P.2d 38 (1974), and 72 hours is a period of time for which it is reasonable to believe that the contraband would still be present in the home." *Id.* at 52, 537 P.2d at 922.

The same result has been reached in other cases involving drug offenses and a three-day period of delay. *State v. Jung*, (1973) 19 Ariz.App. 257, 506 P.2d 648; *Commonwealth v. Mayfield*, (1978) 262 Pa.Super. 96, 396 A.2d 662. We therefore hold that the search was not illegal, and the seized evidence was properly admitted.

### IV.

During cross-examination of Detective Schneider by the defense, it was brought out that in November of 1978, Schneider personally served an unrelated battery warrant upon the defendant. Schneider denied that defendant was injured as a result of being served with the warrant, conceding only that it was "very possible" defendant might have received some minor scrapes and bruises. In addition, he expressed no knowledge of a complaint filed against him by defendant with the Indianapolis Police Department.

When the defense presented its case, it attempted to introduce hospital records and the testimony of a doctor who would have verified defendant's physical condition after the November, 1978 incident. Also, defendant tried to introduce a copy of a citizen's complaint filed against Schneider by defendant with the Indianapolis Police Department and verification of it by an Indianapolis police officer. The trial court excluded this evidence, and defendant made an offer to prove.

It is well settled that evidence is admissible which shows bias, prejudice, or antagonism on the part of a witness toward the defendant. *Powers v. State*, (1933) 204 Ind. 472, 184 N.E. 549; *Cook v. State*, (1907) 169 Ind. 430, 82 N.E. 1047; *Pettit v. State*, (1893) 135 Ind. 393, 34 N.E. 1118. In *Clark v. State*, (1976) 264 Ind. 524, 348 N.E.2d 27, *cert. denied*, (1978) 439 U.S. 1050, 99 S.Ct.

731, 58 L.Ed.2d 711, this Court recognized that evidence of bias is not considered collateral and that courts are generally liberal in allowing it. Although we believe that the evidence should have been admitted, we are constrained under the facts of this case to hold the error to have been harmless. *Webster v. State*, (1973) 261 Ind. 309, 302 N.E.2d 763.

In *Key v. State*, (1956) 235 Ind. 172, 132 N.E.2d 143, and in *Guise v. State*, (1977) 171 Ind.App. 680, 359 N.E.2d 269, it was held reversible error for the trial court to have excluded certain impeachment evidence offered by the defendant. However, in each of those cases, the testimony of the prosecution witness sought to be impeached was the only direct evidence of defendant's guilt. *See also Johnson v. State*, (1978) 269 Ind. 370, 380 N.E.2d 1236 (only evidence contradicting defendant's plea of insanity was testimony of witness sought to be impeached).

In the case at bar, defendant's guilt was also established by the testimony of another police officer who was present at the scene on August 1, 1978. In addition, Detective Schneider admitted on cross-examination that defendant had filed a citizen's complaint against him with the FBI concerning the events of November, 1978. Furthermore, defendant was permitted on direct examination to describe in great detail how Schneider allegedly beat him when serving him with the battery warrant. There was no reversible error here.

### V.

Defendant next contends that the trial court erred in not giving his preliminary instruction number two which defined the penalty for a class D felony. There was no error here. Since juries no longer fulfill any function regarding sentencing, the amount of penalty prescribed by the legislature would be irrelevant for their consideration. *Comstock v. State*, (1980) Ind., 406 N.E.2d 1164; *Debose v. State*, (1979) Ind., 389 N.E.2d 272.

 Defendant also complains that the trial court erred in refusing to give his preliminary instruction number one which discussed the presumption of innocence and the requirement that guilt be proven beyond a reasonable doubt. These rules of law were sufficiently conveyed to the jury in the court's preliminary instructions numbers three and four. A trial court commits no error when it refuses to give a tendered instruction which is adequately covered by other instructions. *Richmond v. State,* (1979) Ind., 387 N.E.2d 1312; *Vacendak v. State,* (1976) 264 Ind. 101, 340 N.E.2d 352, *cert. denied,* 429 U.S. 851, 97 S.Ct. 141, 50 L.Ed.2d 125.

### VI.

 Defendant's last allegation of error is that the evidence is insufficient to support the jury's verdict on the class D felony. Specifically, he maintains that the evidence failed to show that he "knowingly or intentionally" possessed the heroin. He asserts that the state did not prove beyond a reasonable doubt that the residence in which the heroin was discovered belonged to him or was under his control.

The evidence revealed that the apartment in question was leased to defendant's girlfriend. However, Detective Schneider testified that when the search warrant was executed, defendant used a key he took from his pocket in order to gain entrance. Schneider also testified that when defendant worked for him as a confidential informant a few weeks earlier, defendant told him that he lived there and that he used to pick up defendant at that residence. In addition, Schneider said that defendant's girlfriend informed him that defendant resided there.

Another police officer, Schneider's partner, testified that defendant used a key to let the officers inside the apartment and that he discovered some male clothing in one of the apartment's closets. Both officers also testified that defendant directed them to the exact location of the heroin once inside the apartment. In reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses but will only view the evidence most favorable to the state and the logical inferences to be drawn therefrom. If there is substantial evidence of probative value to establish every element of the crime, the verdict will not be disturbed. *Norris v. State,* (1979) Ind., 394 N.E.2d 144; *Hill v. State,* (1979) Ind., 394 N.E.2d 132. The evidence here is sufficient to establish a constructive possession. *Thomas v. State,* (1973) 260 Ind. 1, 291 N.E.2d 557; *Mills v. State,* (1978) Ind.App., 379 N.E.2d 1023.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.