Steve TINNIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 284S55.

Supreme Court of Indiana.

Feb. 3, 1986.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Possession of a Narcotic Drug and found to be an habitual offender. The court imposed a thirty-two (32) year sentence. Appellant's conviction was affirmed in *Tinnin v. State* (1981), 275 Ind. 203, 416 N.E.2d 116. Appellant's Petition for Post-Conviction Relief was denied by the trial court and this appeal ensued.

The standard of review for appeals from the denial of post-conviction relief is:

"Petitioner ha[s] the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law."

*Young v. State* (1984), Ind., 470 N.E.2d 70, 71.

Appellant asserts he was denied effective assistance of counsel at trial. This Court reviews claims of ineffective counsel under the two-step standard outlined in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In *Richardson v. State* (1985), Ind., 476 N.E.2d 497, 501 this Court stated:

"Under the first step, or 'performance component,' the defendant must demonstrate that the alleged acts or omissions by counsel fell outside the wide range of competent professional assistance. A strong presumption exists that counsel rendered adequate legal assistance. If the defendant satisfies step one of the test, he then must establish the second step, or 'prejudice component,' under which the defendant will be entitled to relief only if the reviewing court determines that counsel's errors had an adverse effect upon the judgment." (Citations omitted.)

Appellant was arrested on August 1, 1978. Following the appointment and departure of two other public defenders, counsel at issue was appointed on August 1, 1979. Trial was set to commence November 12, 1979. At the post-conviction hearing trial counsel testified that appellant refused to cooperate in the preparation of the defense until one week before trial began.

It is clear from the record that appellant bears a substantial portion of the responsibility for all pretrial errors of omission. His failure to cooperate forced counsel to marshal a defense within very limited time constraints. A defendant who fails to cooperate and then accuses counsel of providing less than professional representation, in areas where cooperation is essential, must bear the burden of the result. Many of the alleged errors of counsel concern the preparation of the defense and not the actual courtroom activity. It is in these areas that this Court will not lose sight of the lack of willingness of the defendant to actively assist counsel.

Appellant asserts counsel was ineffective for failing to seek a jury view of the scene or in the alternative introducing demonstrative evidence depicting the scene. Appellant was charged under the theory of constructive possession of drugs found in a closet within his girl friend's apartment. A police officer testified a confidential informant had provided information that appellant had drugs in his possession while at the apartment of Karen Grundy, one of appellant's female friends. This information was used to obtain a search warrant for the apartment.

At approximately 5:30 p.m., the police began surveillance of Grundy's second story apartment from a vantage point about one block away. They observed a vehicle arrive at the apartment. Two men, neither of whom were appellant, exited the automobile. They both approached the apartment but only one entered. When that man exited the apartment, the two men walked in the direction of their automobile. At that time the police noticed appellant standing on the balcony in front of the apartment. The officer then approached the men and took them into custody prior to appellant reentering the apartment. The officer further testified appellant used a key to unlock the apartment in order for the search to be conducted. Once the officers entered the apartment appellant told them where the drugs could be located. As they left the apartment appellant locked the door with a key.

Appellant testified he was not at the apartment when the surveillance commenced. He stated he arrived at the apartment with the two other men. He now contends that a jury view of the scene or the introduction of photographs of the scene would have established that the officers, from their vantage point, could not have observed the events to which they testified.

■ At the post-conviction hearing, trial counsel testified he had conducted a personal observation of the scene. Photographs, taken by appellant shortly after his arrest, were introduced to depict the line of sight the officers would have had from their observation point. The post-conviction judge conducted his own view of the scene. From this evidence the post-conviction judge concluded counsel was not ineffective. After reviewing the record, including the photographs, the testimony of counsel and a statement by the trial court on the issue, we find appellant has failed to carry his burden of proof. The record does not support appellant's assertion as to the value of this evidence. Counsel was not ineffective for failing to seek its introduction.

Appellant contends counsel was ineffective as he failed to subpoena certain documents from appellant's parole officer. Both appellant and the officer testified appellant did check in with the officer sometime in the afternoon of the day in question. Appellant testified he was at the office sometime between 2:00 p.m. and 3:30 p.m. Appellant now argues the sign in sheet would have established the time of the visit. The officer testified at the post-conviction hearing that the record would have been available at the time of trial but that it had been destroyed.

■ Accepting as true appellant's assertion that he was at the office at the latest time, we find the failure to subpoena the document to be of no moment. The fact he was elsewhere two hours prior to the commencement of the surveillance does not establish that he was not in the apartment when the police arrived. We find no lack of effectiveness on the part of counsel for failing to subpoena these records.

Appellant avers trial counsel was ineffective as he failed to subpoena the personal property inventory records prepared at the jail following his arrest. He asserts this record would establish that he did not have a key in his possession at that time. He asserts this evidence would negate the inference that he possessed the capacity to exercise control over the apartment. From the testimony at the post-conviction hearing, this record is no longer in existence.

■ We find this to be one of those situations in which appellant's failure to cooperate did have a negative impact. The former record does not establish whether this record was available during the time counsel was responsible for the development of trial strategy. However, if it did exist, it would have been circumstantial evidence of some limited value to the jury. Certainly the fact appellant did not have a key at the time of the inventory, does not establish that he did not possess a key at the time of the arrest. Based upon the above considerations, we do not find counsel's failure to act constituted reversible error.

■ Appellant contends counsel was ineffective for failing to object to a reference to a prior juvenile conviction of appellant. In appellant's direct appeal we held any issue arising from the reference to the juvenile record was waived by the failure to object when the question was posed. At a later time in the original trial, but not mentioned on appeal, counsel did object to a question after the reference was made to the juvenile record. The trial court admonished the jury to disregard the reference to the juvenile record. We have held an admonition of this nature is presumed to be sufficient to protect the rights of the defendant and to remove any error. *Manns v. State* (1985), Ind., 472 N.E.2d 918. We find no reversible error as to the failure to object.

■ Appellant contends trial counsel was ineffective as he failed to timely file a request to depose one of the arresting officers at public expense. The trial court ordered all motions to be filed by October 31, 1979. The motion was filed on November 2, 1979, and was denied. Trial counsel testified that although no deposition was taken he did talk with the officer on several occasions. A review of the record reveals counsel did conduct a thorough cross-examination of the officer. We find the representation provided by counsel to be within the range of competent professional assistance.

Appellant argues counsel was ineffective as he failed to adequately prepare for a hearing on a motion to suppress the evidence seized pursuant to a warrant. The warrant had been issued based on an affidavit from Officer Schneider. The officer stated in the affidavit that he relied on a confidential informant who had provided reliable information on two other occasions. Appellant now contends the statements of the informant were false and to establish that fact appellant needed the name of the informant. He also contends counsel was ineffective as he failed to act before the hearing to secure the name.

■ In reality appellant is asking this Court to find counsel ineffective because he did not take an action which flies in the face of accepted Indiana judicial policy. With rare exceptions, the name of a confidential informant is not to be disclosed. The issue at the suppression hearing was properly limited to the issue of whether probable cause existed to support the issuing of the warrant. The officer at the suppression hearing discussed the reliability of the informant. Counsel properly questioned the reliability of the informant. We find counsel engaged in conduct which was permissible at the suppression hearing and properly refrained from the type of questioning now advocated by appellant. At the post-conviction hearing and in this brief, appellant failed to establish the necessary requirements which would cause the general policy against disclosure to yield. *See Randall v. State* (1985), Ind., 474 N.E.2d 76. We find counsel was not ineffective as the course of action now advocated would not have been fruitful.

■ Appellant contends counsel was ineffective as he failed to challenge the use of one of the prior convictions during the habitual offender phase. At the time of trial the prior conviction was in the briefing stage following the denial of post-conviction relief. In *Maisonet v. State* (1983), Ind., 448 N.E.2d 1052, we held a prior conviction which was being appealed could be used to support an habitual offender finding. Thus counsel was not ineffective

for failing to challenge the prior conviction on this ground.

 Appellant contends the post-conviction trial court erred when it denied his motion for a new trial. The motion was premised on an allegation of newly discovered evidence. Appellant bears the burden of showing: (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Johnson v. State* (1984), Ind., 464 N.E.2d 1309.

The credibility of a witness at a post-conviction hearing is to be determined by the trial judge. His determination will be reversed only when the evidence is without conflict and leads unequivocally to the opposite result. *Quinn v. State* (1982), Ind., 436 N.E.2d 70.

Appellant's newly discovered evidence consisted of the testimony of Karen Grundy. She testified as a defense witness at trial. At the post-conviction hearing she recanted her testimony and claimed responsibility for the crime for which appellant was charged.

At trial Grundy testified she was the mother of three children fathered by appellant. She testified that appellant visited her apartment at her invitation a few times each week. She stated appellant kept a shoe box containing drug paraphernalia in a closet in her apartment. She further indicated she had been in contact with police concerning appellant's drug habit prior to the day of the arrest. She testified that on the day of the arrest she called the police. She told them appellant would be at the apartment that day and she believed he had drugs in his possession. Grundy was not at the apartment at the time the police arrested appellant.

Grundy told the trial court she had two separate motivations for reporting appellant to the police. First, she feared him and wanted him removed from any further contact. Secondly, the police had threatened to place her in jail and the children in a foster home if she did not cooperate. At the post-conviction hearing she testified these two motivations had influenced her behavior. However, she changed her testimony concerning her role in the incident.

At the post-conviction trial, Grundy testified she had purchased the drugs and placed them in the shoe box. She named the dealer who provided the drugs and the price she paid. She stated appellant was unaware of her activity. Counsel now argues, based on this testimony, appellant could not have been in constructive possession of the drugs.

 The post-conviction trial court found appellant had not established his burden of proof under the nine-part test outlined above. It is plain the trial court did not find Grundy was a credible witness. Grundy's testimony does not refute the testimony of the officers who stated appellant, after being asked about drugs, took the officers to the shoe box in the closet.

The trial court had evidence of Grundy's prior emotional ties to appellant. Although Grundy had married another man following appellant's trial, the court could properly have found Grundy's testimony was motivated by her emotional ties to appellant. We do not find the evidence is without conflict or leads to a result contrary to the court's decision.

The trial court is in all things affirmed.

All Justices concur.